## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFFS

v.                                    No. 4:14CM00030 JLH

CODY R. MARTIN                                               DEFENDANT

### OPINION

The United States charged Cody R. Martin with violating 36 C.F.R. § 261.15(g), which

prohibits the operation of "any vehicle off National Forest System, State or County roads . . .

[c]arelessly, recklessly, or without regard for the safety of any person, or in a manner that endangers,

or is likely to endanger, any person or property."  Following a bench trial before a United States

Magistrate Judge,[1] Martin was convicted and sentenced to pay a fine of $400 plus a special

assessment of $10.[2]  On appeal, Martin argues that the evidence was insufficient to support the

conviction, that the magistrate judge erred by admitting evidence that he had previously been cited

for a similar offense, and that the sentence imposed was substantively unreasonable.  Martin has

appealed to this Court pursuant to Federal Rule of Criminal Procedure 58(g).  Martin is not entitled

to a trial *de novo*; rather, the scope of the appeal is the same as an appeal to the court of appeals from

a judgment entered by a district judge.  Fed. R. Crim. P. 58(g)(2)(D).

### I.  WHETHER THE EVIDENCE WAS SUFFICIENT

When reviewing the sufficiency of the evidence after a bench trial, an appellate court views

the evidence in the light most favorable to the verdict and upholds the verdict if a reasonable

factfinder could find that the offense had been proved beyond a reasonable doubt.  *United States v.*

---

[1] The Honorable Beth Deere.

[2] The judgment is Document #9 in case No. 4:14CR00030-BD.

*McArthur*, 573 F.3d 608, 614 (8th Cir. 2009).  The evidence need not exclude every reasonable hypothesis except guilt; indeed, if the evidence reasonably supports two conflicting hypotheses, the reviewing court will not disturb the conviction.  *Id*.

Lynn Prince, an officer with the United States Forest Service, testified that on June 28, 2013, while patrolling an area near a waterfall in the northern part of Pope County, Arkansas, he saw a pickup truck that had driven off the road and down into the waterfall area, which is a prohibited area for motor vehicles.  The pickup truck had a winch with a cable strung from the front bumper of the pickup truck, across the waterfall, to a tree on the other side of the stream.  When Prince approached, he found Cody Martin sitting in the driver's seat of the vehicle.  There were other persons with Martin at the location.  The truck was parked on a shelf rock above a hollow area within approximately five feet of the waterfall.  Prince considered the parking of the truck in that location to be dangerous because the shelf rock has never been tested to see whether it would sustain the weight of a motor vehicle.  He also thought that the cable strung from the winch of the pickup truck across the waterfall area to a tree on the other side appeared unsafe.

Martin testified that his vehicle was a 2004 F-350 one-ton four-wheel drive pickup truck with a winch on the front end.  He testified that he had driven down into the area in order to pull a log from the pool beneath the waterfall because the log was a danger to persons diving into the pool.

The magistrate judge explained the rationale for the conviction as follows:

> [T]here is no way to know at this point why the cable was strung across.  But I do find that he's guilty, because I do think that it was – even if he subjectively believed he was doing a public service pulling a log out of the swimming hole, and that would be – it's not – it's not clear that that's why the cable was there.  It certainly is reckless to drive a large truck onto basically a ledge.  And I do think that since there were other people present, as well as Mr. Martin himself, I do think that that was an act that was done in a manner that was likely to endanger the people who

> were with him, or the property itself, had the ledge collapsed.  It's a protected area,
> protected land.  So I do find that he is guilty as charged in the information.

Document #4 at 38-39.  In imposing sentence, the magistrate judge commented, "This is more than just driving off-road . . . it was a very dangerous thing to do, to string a cable across a body of water, and put a number of people at risk."  *Id.* at 42.

These findings are supported by substantial evidence.  It is undisputed that Martin drove a large vehicle onto a ledge formed of shelf rock with no knowledge of the weight-bearing capacity of the ledge, and he strung a cable from the vehicle to a tree across the stream.  These actions were at least careless, and they endangered persons and property, which is sufficient to sustain a conviction under 36 C.F.R. § 261.15(g).

## II.  WHETHER THE RULE 404(B) EVIDENCE WAS ADMISSIBLE

Martin also contends that the magistrate judge erred by admitting evidence that he had been cited for driving a vehicle in an undesignated area which, according to the incident report, was "above falls and across falling water creek."  Document #4 at 16-18; Govt Ex. 6.  This incident occurred on March 17, 2012, fifteen months prior to the incident at issue in this appeal.  Prince testified that this incident occurred at the same location where he found Martin in his truck on June 28, 2013.

The magistrate judge admitted the evidence of this prior citation pursuant to Federal Rule of Evidence 404(b).  Rule 404(b) provides that evidence of other crimes or wrongs is not admissible to prove the character of a person in order to show that the person acted in conformity with that character, but that such evidence may be admitted for other purposes, such as intent, preparation, plan, knowledge, or absence of mistake or accident.  To be admissible under Rule 404(b), the evidence must be relevant to a material issue, similar in kind and close in time to the crime charged,

supported by sufficient evidence, and not be so prejudicial that the danger of unfair prejudice substantially outweighs its probative value. *United States v. Crippen*, 627 F.3d 1056, 1064 (8th Cir. 2010).

Here, the evidence of Martin's prior citation was admissible to show that Martin knew that he should not have driven his pickup truck down onto the shelf rock and that it was careless to do so. The government had to prove that he acted carelessly, recklessly, or without regard for the safety of a person, and the prior citation was relevant to this issue. The prior act was similar in kind and was not overly remote in time. The evidence was sufficient to support a finding that he committed the prior act. And, the unfair prejudice of the evidence of the prior act did not substantially outweigh its probative value. Therefore, the magistrate judge did not err in admitting evidence of the previous citation issued to Martin.

### III.  WHETHER THE SENTENCE WAS UNREASONABLE

Finally, Martin contends that his sentence was substantively unreasonable. His lawyer cited three misdemeanor cases that were settled for $100 each and requested a fine of $100, arguing that he should not be penalized for going to trial. The magistrate judge acknowledged the legitimacy of that argument and stated that she would not impose any additional fine based on the fact that he went to trial. She then stated:

> But, with that said, this is more than just driving off-road. This is – I mean, stringing up a cable across, and Mr. Martin may well – he obviously thinks he knows what he's doing in that, but this is . . . federal property, and . . . I think it was a very dangerous thing to do, to string a cable across a body of water and put a number of people at risk. So . . . I'm going to impose a fine of 400 dollars. And there's a ten dollar special assessment. And I'm not going to – there's nothing beyond that. But I'm imposing that 400 dollars fine, the ten dollar special assessment.

Document #4 at 42.

4

Contrary to Martin's argument, the magistrate judge did not fine him for going to trial. Rather, she fined him for engaging in a "very dangerous" act that "put a number of people at risk." The fine is substantively reasonable and not based on any impermissible consideration.

## CONCLUSION

The conviction of Cody R. Martin and the sentence imposed are affirmed.

IT IS SO ORDERED this 3rd day of July, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE